UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11349-GAO

DANIEL AGUIAR,
Plaintiff,

v.

SANTANDER CONSUMER USA INC., and CCAP AUTO LEASE LTD.,
Defendants.

OPINION AND ORDER
August 29, 2018

O'TOOLE, D.J.

The plaintiff, Daniel Aguiar, proceeding pro se, sued the defendants, Santander Consumer USA Inc., and CCAP Auto Lease Ltd., after they repossessed Aguiar's leased 2015 Dodge Durango. Aguiar asserts claims of wrongful repossession in violation of his rights under Massachusetts consumer protection laws and regulations. Massachusetts General Laws Chapter 93A, Section 9; (see Compl. ¶ 6 (dkt. no. 1)).

The defendants moved for summary judgment and filed a statement of undisputed material facts on April 2, 2018. After Aguiar did not timely oppose the motion, on May 18 the Court by order extended the time for his filing any opposition until June 1. (Order, May 18, 2018 (dkt. no. 17).) To date, Aguiar has neither opposed the defendants' motion nor disputed the defendants' statement of material facts. Accordingly, the Court is entitled to take "as uncontested all evidence presented with" the defendants' motion. Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533–34 (1st Cir. 2006). The following facts are thus derived from the defendants' statement of undisputed material facts and supporting documents.

On July 6, 2015, Aguiar entered into a Motor Vehicle Lease Agreement (the "Agreement") with Herb Chambers Chrysler to lease a 2015 Dodge Durango (the "Vehicle"). The lease called for Aguiar to pay $6209.25 as a down payment, and to thereafter make thirty-six monthly installment payments of $527.12. Aguiar's total obligated payments under the Agreement amounted to $25,053.45. The Agreement listed the Vehicle's agreed upon value as $42,461.00, and established its residual value (its value at the end of the lease term) as $22,368.50. The Agreement contains a number of additional terms, including an option for Aguiar to purchase the Vehicle for its residual value upon the lease's expiration, a clause stipulating that late payments constitute a default, and a clause allowing the lessor to take back the Vehicle upon the lessee's default. The Agreement was assigned to defendant CCAP Auto Lease Ltd. ("CCAP"), and serviced by defendant Santander d/b/a Chrysler Capital on CCAP's behalf.

From July 6 through March 1, 2016, Aguiar made eight payments of or about $527.12, totaling $4216.96. His last payment satisfied a delinquency for a missed payment that was due the previous month. He made no further payments under the lease.

On March 31, 2016, Aguiar filed a voluntary petition under Chapter 7 of the Bankruptcy Code, In re Aguiar, Case No. 16-40534-CJP (Bankr. D. Mass. Mar. 31. 2016), and received a discharge on March 9, 2017. The following June, the Vehicle was repossessed at Chrysler Capital's request without prior notice to Aguiar.

Summary judgment is properly awarded if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case," Perez-Cordero, 440 F.3d at 534,

a district court "is still bound to review the case on the merits based on the uncontroverted facts before [it]," Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006).

The defendants contend that they are entitled to summary judgment as a matter of law because (1) the plaintiff defaulted under the Agreement, (2) they were entitled to repossess the Vehicle due to the default, (3) they were not required to provide any notice to the plaintiff prior to repossessing the Vehicle, and (4) the plaintiff failed to serve a written demand for relief on the defendants prior to filing his Chapter 93A claim.

A. Defendants' Duty to Notify Aguiar of Default or Intent to Repossess

The defendants assert that they were lawfully permitted to repossess the Vehicle without prior notice because the Agreement was a true lease, and under Massachusetts law a lessee "is not entitled to notice of default or notice of enforcement from the other party to the lease agreement." Mass. Gen. Laws ch. 106, § 2A-502. Further, upon the lessee's default, a lessor is entitled to "take possession of goods previously delivered if the lease contract so provides." Id. §§ 2A-523, 2A-525.

As the defendants point out, Aguiar might have been entitled to pre-seizure notice if his agreement to lease the Vehicle had been of a different legal type, such as a retail installment contract subject to regulation under Massachusetts General Laws Chapter 255B. A defaulting lessee in a retail installment contract is granted the right to receive written notice of default and an opportunity to cure before a creditor may "proceed against the collateral." Mass. Gen. Laws ch. 255B, § 20A; see Wilder v. Toyota Fin. Servs. Ams. Corp., 764 F. Supp. 2d 249, 256 (D. Mass. 2011). An automobile lease agreement may meet the definition of a motor vehicle retail installment contract if (1) the total lease payments are substantially equivalent to or greater than the full value of the vehicle, and (2) the lessee is bound to become, or has the option of becoming, owner of the

3

vehicle after full compliance with lease terms at no cost or for a nominal price. Mass. Gen. Laws ch. 255B, § 1; see Philibotte v. Nisourse Corp. Servs., Co., 793 F.3d 159, 165–66 (1st Cir. 2015); Saia v. Bay State Gas Co., 41 N.E.3d 1104, 1107–8 (Mass. App. Ct. 2015). Neither of those circumstances is satisfied in Aguiar's case.

The Agreement obligates Aguiar to make lease payments totaling approximately 57% of the Vehicle's agreed upon value, which is not "substantially equivalent" for the purposes of a retail installments contract. See Philibotte, 793 F.3d 165–66. The Agreement also stipulates that Aguiar must return the vehicle after the lease term expires unless he exercises the $22,368.50 purchase option. The option purchase price is equal to the stipulated residual value at the time the option would be exercised. An option to purchase for 100% of the Vehicle's residual value cannot constitute "nominal consideration" under the retail installment sale statute. See Saia, 41 N.E.3d at 1108 (holding that option purchase price of approximately 66.5% of item's total price was not nominal); Marine Midland Bank, NA v. Moran, No. 9274, 1994 WL 475336, at *3 (Mass. App. Div. Aug. 23, 1994) (holding that option purchase price for 100% of vehicle's estimated wholesale value was not nominal).

Accordingly, no reasonable jury could find that the Agreement constituted a retail installment contract and not a true lease. As a result, Aguiar was not entitled to notice by the defendants before they repossessed the Vehicle, and therefore summary judgment for the defendants is appropriate on Aguiar's claim of unlawful repossession without prior notice.

B.     Effect of Aguiar's Bankruptcy

Aguiar's bankruptcy discharge did not cure his existing default, nor did it afford him the right to cease lease payments and yet retain the Vehicle. If a debtor in a chapter 7 bankruptcy wishes to continue possession under an unexpired lease, then the debtor must assume that lease; if

a lease is assumed, then the lessee remains bound by the payment (and other) terms of the lease agreement. See 11 U.S.C § 365(a); N.L.R.B v. Bildisco & Bildisco, 465 U.S. 513, 53–52 (1984). If a debtor wishes to discharge his obligations under an unexpired lease, then the debtor must reject that lease; if an unexpired lease is rejected, then the lease is breached, the "leased property is no longer property of the estate," and the automatic stay precluding a creditor's action against the leased property is terminated. 11 U.S.C. §§ 365(g), (p)(1); see 11 U.S.C. § 362(a). The bankruptcy proceedings did not preclude the repossession of the Vehicle in the circumstance of continuing default by the lessor as to his payment obligations. See In re Canning, 706 F.3d 64, 69 (1st Cir. 2013); In re Pratt, 462 F.3d 14, 17–18 (1st Cir. 2006); In re BankVest Capital Corp., 360 F.3d 291, 296 (1st Cir. 2004).

C. Aguiar's Chapter 93A Claim

Aguiar summarily mentions Massachusetts General Laws Chapter 93A. The defendants point out that he failed to meet the procedural requirement of serving a demand letter prior to filing a Chapter 93A claim. The demand letter provision in Chapter 93A, Section 9(3) "is not merely a procedural nicety, but, rather, a prerequisite to suit." See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 217–18 (1st Cir. 2012). The undisputed record in this case indicates that no demand letter was sent by Aguiar prior to his filing his complaint.

Independent of Aguiar's procedural deficiency, he has also failed to provide any facts to support a viable Chapter 93A claim. The undisputed facts of record indicate that Aguiar was in default on the Agreement, that the defendants were entitled to repossess the Vehicle, and that Aguiar was not entitled to notice of his default or of an intent to repossess prior to the Vehicle's repossession.

For the reasons stated, the defendants' Motion for Summary Judgment (dkt. no. 14) is GRANTED. Judgment shall be entered in favor of the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge